IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARCELA OLVERA-MORALES, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:05CV00559 |
| INTERNATIONAL LABOR MANAGEMENT CORPORATION, INC.; NORTH CAROLINA GROWERS ASSOCIATION, INC.; and DEL-AL ASSOCIATES, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This case arises out of a dispute concerning the recruitment of temporary foreign workers pursuant to the H-2A and H-2B visa guest worker programs. The matter is now before the Court on Plaintiff Marcela Olvera-Morales' Motion for Reconsideration [Doc. # 154] regarding the Court's entry of Summary Judgment in favor of Defendant International Labor Management Corporation ("ILMC"). For the reasons set forth below, the Motion for Reconsideration [Doc. # 154] is GRANTED. The Title VII claim is reinstated against ILMC as an employment agency.

I.

Ms. Olvera-Morales, a Mexican citizen who resides in Ecatepac, Mexico, was hired to work in the United States under the H-2B visa program on behalf of ILMC.

Ms. Olvera-Morales asserts, on behalf of herself and on behalf of other similarly situated, that she was qualified to work in an H-2A position and would have preferred such an assignment because of its preferable benefits. Ms. Olvera-Morales further asserts that even though there were men with similar or lesser qualifications that were recruited by ILMC for H-2A positions, Ms. Olvera-Morales was neither offered such a position nor informed that such positions existed.

Ms. Olvera-Morales filed the instant lawsuit on December 22, 2002 in the Northern District of New York asserting violations of Title VII and the New York Human Rights Law. The case was transferred to this Court on June 15, 2005. On November 7, 2007, the Court entered an order granting Ms. Olvera-Morales' motion for class certification. [Doc. #123]. Each of the Defendants filed Motions for Summary Judgment, which the Court granted in part and denied in part by Memorandum Opinion [Doc. # 153] and Order [Doc. # 141]. With respect to ILMC, the Court dismissed the Title VII claims on the grounds that ILMC was not an "employer" under Title VII because it did not have the requisite 15 employees necessary to invoke Title VII liability. [Doc. # 153]. Ms. Olvera-Morales has filed the instant motion seeing reconsideration of that Memorandum Opinion and Order on the grounds that ILMC is an employment agency and that the 15-employee minimum does not apply to employment agencies.

II.

Title VII makes it unlawful for "employers," "employment agencies," or

"labor organizations" to discriminate against an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). An "employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). Thus, in order to be liable as an employer under Title VII, an entity must employ 15 or more employees for twenty or more calendar weeks during the relevant time period.

An "employment agency" is defined as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer." 42 U.S.C. § 2000e(c). Unlike the definition of "employer," the definition of "employment agency" does not include a minimum employee requirement for liability under Title VII.

In the Complaint in this matter, Ms. Olvera-Morales asserted that ILMC was her "employer" under Title VII. [Doc. # 1 ¶ 36]. In addition, Ms. Olvera-Morales asserted that ILMC was an "employment agency" within the meaning of Title VII. [Doc. # 1 ¶ 42]. Count II of the Complaint specifically alleges, on behalf of the class, a Title VII claim against the "Employment Agency Defendants," which includes ILMC. [[Doc. # 1 ¶¶ 117-22]. In its Answer, ILMC stated that these allegations called for a legal conclusion and otherwise denied each of these allegations. It is clear that the Complaint asserted a Title VII claim against ILMC both as an employer and an employment agency.

3

In its Motion for Summary Judgment, ILMC sought dismissal of the Title VII claim on the grounds that it was not an "employer" under Title VII because it did not have the requisite 15 employees during the relevant time period. [Doc. # 102 at 12-13]. The Court granted the Motion for Summary Judgment on those grounds. [Doc. # 153 at 19]. ILMC did not assert that it was not an "employment agency." As such, that issue was not before the Court at the summary judgment stage, and it was error for the Court to issue an order dismissing all Title VII claims against ILMC. Therefore, the Title VII claim against ILMC as an employment agency is reinstated.

The fact that the Court has reinstated the Title VII claim against ILMC does not constitute a legal finding that ILMC is an "employment agency" as that term is defined under Title VII. At this point in the proceedings, Plaintiff has alleged that ILMC is an "employment agency," and ILMC has denied this allegation. As a Plaintiff must establish that an entity had 15 or more employees as an element of a Title VII claim, Ms. Olvera-Morales must establish that ILMC qualifies as an "employment agency" as an element of her Title VII claim. See Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006) (holding "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim").[1] For

---

[1]In her Brief in Support of Motion for Reconsideration, Ms. Olvera-Morales asserts that the Court "explicitly found" that ILMC was an employment agency within the meaning of Title VII in the Memorandum Opinion and Order granting Plaintiff's Motion for Class Certification. [Doc. # 156 at 3]. As the Court explained in its Memorandum Opinion, a ruling on a Motion for Class Certification is *not* an

4

example, the definition of "employment agency" requires that the entity must "regularly . . . procure employees or an employer." Thus, Plaintiff must establish that ILMC regularly procured employees for entities that would satisfy the definition of "employer" as that term is defined within Title VII. At this point, Plaintiff has not presented any evidence that would allow the Court to find she has established this element of her claim.

III.

In sum, Ms. Olvera-Morales' Motion for Reconsideration [Doc. # 154] is GRANTED. The Title VII claim against ILMC as an "employment agency" is reinstated.

This the 20th day of February, 2008.

/s/ N. Carlton Tilley, Jr.
United States District Judge

---

evaluation of the merits of the Plaintiff's claim. [Doc. # 122 at 8]. Thus, the assertion that any portion of the Memorandum Opinion and Order granting Plaintiff's Motion for Class Certification constitutes a legal finding on the merits of Ms. Olvera-Morales' Title VII claim is incorrect.

5