IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARCELA OLVERA-MORALES, )
on behalf of herself and all others )
similarly situated, )
)
         Plaintiffs, )
)
v. ) 1:05CV00559
)
INTERNATIONAL LABOR MANAGEMENT )
CORPORATION, INC.; NORTH CAROLINA )
GROWERS ASSOCIATION, INC.; and )
DEL-AL ASSOCIATES, INC., )
)
         Defendants. )
_____)

MEMORANDUM ORDER

TILLEY, District Judge

This case arises out of a dispute concerning the recruitment of temporary foreign workers pursuant to the H-2A and H-2B visa guest worker programs. The matter is now before the Court on Defendant North Carolina Growers' Association, Inc.'s ("NCGA") Motion for Reconsideration [Doc. # 159]. For the reasons set forth below, the Motion for Reconsideration [Doc. # 159] is GRANTED, and the Title VII claims against NCGA are DISMISSED.

I.

Ms. Olvera-Morales filed the instant lawsuit on December 22, 2002, in the Northern District of New York asserting violations of Title VII and the New York Human Rights Law. The case was transferred to this Court on June 15, 2005.

Each of the Defendants filed Motions for Summary Judgment, which the Court granted in part and denied in part by Memorandum Opinion [Doc. # 153] and Order [Doc. # 141].

In support of its motion for summary judgment, NCGA asserted that it was not a proper a defendant because it was not named in Ms. Olvera-Morales' initial EEOC charge. The Court denied NCGA's motion for summary judgment on the grounds that it had an identity of interest with co-defendant International Labor Management Corporation ("ILMC"), which was named in Ms. Olvera-Morales' initial EEOC charge. NCGA has filed the instant motion seeing reconsideration of the denial of its motion for summary judgment on the grounds that the identity of interest exception is not applicable in this case because Ms. Olvera-Morales was represented by counsel at the time she filed her initial EEOC charge.

II.

It is well established that in order to sustain a civil action pursuant to Title VII, a plaintiff must exhaust her administrative remedies. On April 26, 2000, Ms. Olvera-Morales filed two charges of discrimination with the EEOC naming ILMC as the defendant. On March 15, 2002, Ms. Olvera-Morales amended her EEOC charge to add NCGA as an additional defendant. NCGA asserts that Ms. Olvera-Morales did not file a timely EEOC charge against it and thus that she has failed to exhaust her administrative remedies with respect to it.

Generally, failure to name a party in the EEOC charge means the plaintiff did

2

not exhaust administrative remedies against that party, and a district court must dismiss the case. See Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll., 848 F.2d 457, 458-59 (4th Cir.1988); see also 42 U.S.C. § 2000e-5(f)(1) (specifying that an individual may bring an action against a party "named in the charge"). The Fourth Circuit has noted that "[c]ourts have developed exceptions to this rule, though, where it is clear that the defendant through some relationship with the named respondent had notice of the charges and participated in the conciliation process." EEOC v. Am. Nat'l Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981); see also Alvarado, 848 F.2d at 461 (explaining that the "Fourth Circuit has not had occasion to decide whether to adopt the substantial identity exception" but noting that the American National Bank case quoted such language "with approval . . . in dictum").

As noted in the Memorandum Opinion considering the motions for summary judgment, several district courts in the Fourth Circuit have applied the "identity of interest" test set forth by the Third Circuit in Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir.1977), to determine whether a defendant had notice of the EEOC charges and participated in the conciliation process. [Doc. # 153 at 7-8 (citing cases and discussing the Glus factors)]. The Court then applied the identity of interest exception, found that NCGA and ILMC had an identity of interest, and denied NCGA's motion for summary judgment. [Doc. # 153 at 17].

In the instant Motion for Reconsideration, NCGA asserts that the identity of

3

interest exception should not apply because Ms. Olvera-Morales was represented by counsel at the time she filed her initial EEOC complaint. In support of its motion, NCGA cites case law from district courts within the Second Circuit where the identity of interest exception was not applied when the plaintiff was represented by counsel at the time the initial EEOC complaint was filed. [Doc. # 160 at 3-4 (citing cases)].

The Court finds the reasoning of the cases cited by NCGA to be persuasive. In addition, the Fourth Circuit has noted that "Title VII does not require procedural exactness from lay complainants" and "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Alvardo, 848 F.2d at 460 (quotation omitted). It is undisputed that Ms. Olvera-Morales was represented by counsel at the time she filed her initial EEOC complaint. Therefore, the rationale behind the identity of interest exception–that the pleadings of lay complainants should be construed liberally–is not applicable in this case. NCGA's Motion for Reconsideration [Doc. # 159] is GRANTED. The Title VII claims against NCGA are DISMISSED.

This the 4th day of April, 2008.

/s/ N. Carlton Tilley, Jr.
United States District Judge